UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
UNITED PARCEL SERVICE, INC.,         :
                                                       :     Civil Action No.
                Plaintiff,         :     1:12-cv-07961-SAS
                                                       :
   -against-                               :
                                                       :
LEXINGTON INSURANCE COMPANY,   :
                                                       :
                Defendant.        :
---------------------------------------------------------------x

## DECLARATION OF J. GREGORY LAHR IN SUPPORT OF DEFENDANT LEXINGTON INSURANCE COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY TO STAY THE LITIGATION AND COMPEL ARBITRATION

**J. GREGORY LAHR**, pursuant to 28 U.S.C. § 1746(2), declares under penalty of perjury that the following is true:

1. I am a member of the firm of Sedgwick LLP, attorneys for Defendant Lexington Insurance Company ("Lexington"). I am fully familiar with the facts and circumstances of this matter.

2. I submit this Declaration and exhibits annexed hereto in support of Lexington's motion for judgment on the pleadings or, alternatively, to stay the litigation and compel arbitration.

3. This declaratory judgment action was commenced by United Parcel Service, Inc. ("UPS") on October 25, 2012, and seeks coverage for an underlying action under Commercial General Liability Policy No. 43926334 (the "Primary Policy"), issued by Lexington to its named insured, Adelis International Security, Inc. ("Adelis"). The Primary Policy is attached as Exhibit A to UPS' Complaint. A true and correct copy of the Complaint and annexed exhibits are attached hereto as Exhibit A.

4. Adelis, a security company, had entered into a Guard Services Agreement ("GSA") with UPS to furnish security personnel at various locations, and which required Adelis to name UPS as an additional insured on Adelis' general liability policies. The GSA is attached as Exhibit B to UPS' Complaint.

5. While working at a UPS facility pursuant to the GSA, an Adelis employee was struck by a UPS vehicle, allegedly causing her bodily injury. The employee sued UPS for negligence. The complaint in the underlying matter is attached as Exhibit C to UPS' Complaint.

6. Lexington filed its Answer to UPS' Complaint on February 6, 2013. A true and correct copy of Lexington's Answer is attached hereto as Exhibit B.

7. In accordance with the Court's Individual Rules and Procedures section IV.B, I sent a letter to UPS' counsel dated January 25, 2013, advising that Lexington may seek dismissal of the Complaint pursuant to the Primary Policy's Arbitration clause. A true and correct copy of this letter is attached hereto as Exhibit C. UPS' counsel responded by letter dated January 31, 2013, a true and correct copy of which is attached hereto as Exhibit D.

8. The Arbitration clause in the Primary Policy incorporates by reference the American Arbitration Association Commercial Arbitration Rules, a true and correct copy of which is attached hereto as Exhibit E.

Dated: New York, New York
February 15, 2013

I declare under penalty of perjury that the foregoing is true and correct.

_____/s/ J. Gregory Lahr_____
J. Gregory Lahr (JL-9969)