ATTORNEYS AT LAW

225 LIBERTY STREET, 28TH FLOOR   NEW YORK, NEW YORK 10281-1008

*www.sedgwicklaw.com*   212.422.0202 *phone*   212.422.0925 *fax*

# Sedgwick LLP

*Gregory Lahr*
*(212) 898-4014*
*gregory.lahr@sedgwicklaw.com*

July 23, 2013

A conference is
scheduled for August 6, 2013
at 4:30pm.

So Ordered

7/24/13

Shira A. Scheindlin
USDJ

*Via Facsimile (212-805-7920)*
Hon. Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

7/24/13

Re: *United Parcel Service, Inc. v. Lexington Insurance Company*
    Case No.:  12-cv-7961 (SAS) (AJP)
    Our File No.: 02331-007813

Dear Judge Scheindlin:

We represent Lexington Insurance Company ("Lexington") in the above-referenced matter, and write pursuant to Section V.B(2) of your Individual Rules to seek assistance in resolving a discovery dispute. The parties have exhausted all remedies in attempting to resolve this matter without involving the Court, but remain unsuccessful. Lexington respectfully requests that the Court order United Parcel Service ("UPS") to provide the requested documents discussed below.

This is an insurance coverage action in which UPS seeks coverage as an additional insured under a Lexington policy for a personal injury action pending in Kings County Supreme Court in which UPS is the defendant. Lexington issued a primary policy to its named insured, Adelis International Security, Inc. ("Adelis"), which had entered into a Guard Services Agreement with UPS to furnish security personnel at various locations, and which required Adelis to name UPS as an additional insured on Adelis' general liability policies. Although UPS has represented that it is self-insured with respect to the underlying action, we are aware that it maintained a commercial general liability policy issued by Liberty Mutual Insurance ("Liberty Mutual"), which appears to provide coverage. In fact, by letter dated November 18, 2009, Liberty Mutual tendered a letter to Lexington on behalf of UPS, advising that Liberty Mutual has been placed on notice of the underlying action and seeking Lexington to provide coverage instead.

Because we are not aware of what coverage position Liberty Mutual has taken, we requested UPS to inform Lexington of such information by email dated May 23, 2013. UPS's counsel failed to respond to this request, as well as follow-up emails on June 4, 2013 and June 10, 2013. On June 13, 2013, Lexington served UPS with a request for production of documents which contained only three requests.

        1.     A complete copy of each policy of insurance (including each and every endorsement, declaration, amendment, modification, rider, and any other document which you contend is part of or evidences each said policy) under which you sought coverage for the Underlying

Hon. Shira A. Scheindlin
Re: *United Parcel Service, Inc. v. Lexington Insurance Company*
July 23, 2013
Page 2

> Action [as explicitly defined in the "Definitions and Instructions
> Section of the Request];
>
> 2.    All documents reflecting communications between you and any
>       insurer which refer or relate to the Underlying Action; and
>
> 3.    All documents reflecting communications between you and any
>       broker which refer or relate to the Underlying Action.

UPS responded to Lexington's request for production of documents on July 12, 2013. It provided a Liberty Mutual policy as a response to the first request, establishing that UPS sought coverage under that policy. Along with raising standard general objections, UPS objected to Requests 2 and 3 because it requests privileged information and "because the request is ambiguous and vague, including, but not limited to, the use of the undefined term 'communications.'" Consequently, UPS failed to provide any documents for these two requests and only referred Lexington to the correspondence mentioned in ¶¶ 24, 29 and 31 of the Complaint. These paragraphs reference the Liberty Mutual tender letter, Lexington's denial letter, and UPS's response to the denial letter, respectively. Notably, UPS has not provided a privilege log despite asserting privilege as a basis to withhold documents.

Because UPS refused to produce any new documents in response to Requests 2 and 3, Lexington followed up on the same day, seeking to clarify whether there were no responsive documents or if UPS was resting on its objections. If UPS was resting on its objections, this e-mail also attempted to inform UPS of their duty to comply with Local Rule 26.3, which provides a universal definition of the term "communication" and requested UPS to withdraw its objection on that basis. A response dated July 16, 2013, by UPS only stated "[w]e are resting on our objections."

Rule 26(b)(1) of the Federal Rules of Civil Procedure allow a party to obtain discovery "that is relevant to any party's claim or defense." Besides being a common and unambiguous term, Local Rule 26.3 provides a universal definition of the term "communications" which is deemed incorporated into all discovery requests. Such requested communications with other insurers and brokers are standard discovery requests for insurance coverage claims because these documents are considered relevant information for an insurer's claims or defenses. Specifically, the Lexington Policy in Section II. [Who Is An Insured], as amended by endorsement, explicitly provides that:

> The coverage provided by this endorsement to the additional insured shall be
> excess over any other insurance available to the additional insured covering
> liability for damages arising out of the premises or operations for which such
> additional insured has been added pursuant to this endorsement. . . .

Thus, it is necessary for Lexington to determine the scope of coverage of other applicable insurance, including Liberty Mutual, and their positions with respect to the underlying matter. Any communications between UPS and its insurers or brokers will lead to this relevant information that will help determine Lexington's coverage position and defenses. Unfortunately, UPS has refused to produce such information through informal and formal discovery requests, and now we must ask the Court to intervene and order UPS to produce these standard and necessary documents in its control.

Accordingly, we respectfully request that the Court compel UPS to provide Lexington with (i) all documents reflecting communications between UPS and any insurer which refer or relate to the Underlying Action; and

Hon. Shira A. Scheindlin
Re: *United Parcel Service, Inc. v. Lexington Insurance Company*
July 23, 2013
Page 3

(ii) all documents reflecting communications between UPS and any broker which refer or relate to the Underlying Action.

Respectfully submitted,

J. Gregory Lahr
Sedgwick LLP

JGL

cc: Stefanie Bashar, Esq. (via email simultaneous with the facsimile to the Court)