UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED PARCEL SERVICE, INC., <br><br> Plaintiff, <br><br> - against - <br><br> LEXINGTON INSURANCE COMPANY, <br><br> Defendant. | Case No.: 12-cv-07961 (SAS) <br><br> ECF Case <br><br> **PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

Plaintiff United Parcel Service, Inc. ("UPS"), by its attorneys, Ansa Assuncao, LLP, hereby provides the following objections and responses to Defendant Lexington Insurance Company's ("Lexington") First Request for Production of Documents, dated June 13, 2013 (the "Document Request"):

## GENERAL OBJECTIONS

1. UPS objects to the Document Request because it exceeds the scope of, and would impose a greater obligation than, that which is permissible under the Federal Rules of Civil Procedure and/or the local rules of this Court.

2. UPS objects to the Document Request to the extent that it may be construed to seek documents protected by the attorney-client privilege, the work product doctrine, the exemption protecting communications passing between agents of a party conducting an investigation in connection with litigation, the self-critical analysis privilege, or any other applicable privilege or exemption from discovery under New York and/or Federal law. UPS further objects to identifying (by privilege log or otherwise) privileged communications or documents created in anticipation of and/or after the commencement of this litigation or *Chase v. United Parcel Service, Inc.*, Index No. 7445/10 (Supreme Ct. Kings County). The inadvertent

production of any privileged document shall not be deemed to be a waiver of any applicable privilege with respect to such documents or any other document.

3. UPS objects to the Document Request because the requests therein are vague, ambiguous, overly broad in scope and not reasonably calculated to lead to the discovery of admissible evidence.

4. UPS objects to the Document Request in that it calls for the production of documents or materials that are already in Lexington's possession.

5. UPS objects to the Document Request in that it calls for the production of documents or materials that are not in UPS's possession, but rather are in the possession of other entities, separate from UPS, over which UPS does not exercise control.

6. UPS objects to the Document Request because it calls for the production of documents or materials that are confidential or proprietary in nature, are competitively sensitive, and/or constitute/contain trade secret(s).

7. UPS objects to the Document Request to the extent that it requires it to create any document that would otherwise not exist.

8. UPS objects to the "Definitions and Instructions" contained in the Document Request because they are vague and overbroad.

9. UPS responds to the Document Request without admitting the relevance, materiality or admissibility of the information and/or documents sought and without prejudice to UPS's right to object to further discovery. UPS expressly reserves and does not waive any objections to the use of UPS's documents and responses at trial or during other points in this litigation or for any other purpose whatsoever.

10. UPS reserves the right to supplement the responses to the Document Request upon further inquiry, upon completion of all outstanding discovery, and/or upon the receipt of additional evidence.

11. The foregoing general objections are specifically and expressly incorporated in each and every one of the responses herein. The reassertion or specification of any of these general objections or the assertion of other objections in no way implies a failure to assert each and every general objection.

## RESPONSES TO DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

A complete copy of each policy of insurance (including each and every endorsement, declaration, amendment, modification, rider, and any other document which you contend is part of or evidences each said policy) under which you sought coverage for the Underlying Action.

### RESPONSE:

UPS objects to this request because it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. UPS further objects to the request because it calls for the production of documents that are already in Lexington's possession. Subject to, and without waiving the foregoing objections and the general objections, UPS states that it sought coverage under Adelis International Security Inc.'s insurance policies that were in effect on January 28, 2009, including, but not limited to, Lexington's commercial general liability policy number 43926334 and excess liability policy number 19883784, both with a policy term of January 18, 2009 through January 18, 2010. A copy of Lexington's commercial general liability policy is attached to the Complaint, dated October 25, 2012 (the "Complaint"), as Exhibit A. A copy of UPS's commercial general liability policy issued by Liberty Mutual Insurance Company, with policy number TB-1-C21-004175-289 and a policy term of January 1, 2009 to January 1, 2010, (with premium information redacted) is being provided herewith.

**DOCUMENT REQUEST NO. 2:**

All documents reflecting communications between you and any insurer which refer or relate to the Underlying Action.

**RESPONSE:**

UPS objects to this request because it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. UPS further objects to the request because it calls for the production of documents that are already in Lexington's possession. UPS further objects because the request is ambiguous and vague, including, but not limited to, the use of the undefined term "communications." UPS further objects to the extent that the request encompasses documents that are excluded from disclosure as privileged, including materials prepared for litigation. Subject to, and without waiving the foregoing objections and the general objections, see the correspondence referred to in the Complaint at ¶¶ 24, 29 and 31.

**DOCUMENT REQUEST NO. 3:**

All documents reflecting communications between you and any broker which refer or relate to the Underlying Action.

**RESPONSE:**

UPS objects to this request because it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. UPS further objects because the request is ambiguous and vague, including, but not limited to, the use of the undefined term "communications." UPS further objects to the extent that the request encompasses documents that are excluded from disclosure as privileged, including materials prepared for litigation.

Dated: White Plains, New York
       July 12, 2013

                                                ANSA ASSUNCAO, LLP
                                                *Attorneys for Plaintiff*

                                        By: s/ Stephen P. McLaughlin
                                             Stephen P. McLaughlin (SM- 4136)
                                        707 Westchester Avenue, Suite 309
                                        White Plains, New York 10604
                                        (914) 298-2260
                                        stephen.mclaughlin@ansalaw.com