UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED PARCEL SERVICE, INC.,            :
                                        :   Civil Action No.
                Plaintiff,              :   1:12-cv-07961-SAS
                                        :
        -against-                       :
                                        :
LEXINGTON INSURANCE COMPANY,            :
                                        :
                Defendant.              :
------------------------------------------------------------x


**DEFENDANT LEXINGTON INSURANCE COMPANY'S
COUNTERSTATEMENT UNDER LOCAL RULE 56.1 IN OPPOSITION TO
<u>PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**


SEDGWICK LLP
225 Liberty Street, 28th floor
New York, New York 10281
Telephone: (212) 422-0202
Facsimile: (212) 422-0925

Attorneys for Defendant
LEXINGTON INSURANCE COMPANY

Defendant Lexington Insurance Company ("Lexington"), by and through its attorneys, Sedgwick LLP, hereby submits its counterstatement under Local Rule 56.1 in opposition to the motion for partial summary judgment filed by Plaintiff, United Parcel Service, Inc. ("UPS").

## DEFENDANT'S COUNTERSTATEMENT

1. Lexington does not dispute this fact.

2. Lexington does not dispute this fact.

3. Lexington does not dispute this fact.

4. Lexington does not dispute this fact, but states that the Agreement speaks for itself and refers all issues of contract construction and interpretation to the Court.

5. Lexington does not dispute this fact, but states that the Agreement speaks for itself and refers all issues of contract construction and interpretation to the Court.

6. Lexington does not dispute this fact, but states that the Agreement speaks for itself and refers all issues of contract construction and interpretation to the Court.

7. Lexington does not dispute this fact.

8. Lexington disputes this fact because Plaintiff has not introduced an excess policy into evidence, and this statement does not constitute a statement of material fact.

9. Lexington does not dispute this fact, but states that the Policy speaks for itself and refers all issues of contract construction and interpretation to the Court.

10. Lexington disputes this fact.

11. Lexington does not dispute this fact, but states that the Policy speaks for itself and refers all issues of contract construction and interpretation to the Court.

12. Lexington does not dispute this fact, but states that the Policy speaks for itself and refers all issues of contract construction and interpretation to the Court.  In addition, Plaintiff

does not seek insured contract coverage under the Lexington Policy and, therefore, the statement does not constitute a statement of material fact.

13. Lexington does not dispute this fact, but states that the Policy speaks for itself and refers all issues of contract construction and interpretation to the Court. In addition, Plaintiff does not seek insured contract coverage under the Lexington Policy and, therefore, the statement does not constitute a statement of material fact.

14. Lexington does not dispute this fact, but states that the Policy speaks for itself and refers all issues of contract construction and interpretation to the Court. In addition, Plaintiff does not seek insured contract coverage under the Lexington Policy and, therefore, the statement does not constitute a statement of material fact.

15. Lexington does not dispute this fact, but states that the Policy and the Agreement speaks for themselves and refers all issues of contract construction and interpretation to the Court. In addition, Plaintiff does not seek insured contract coverage under the Lexington Policy and, therefore, the statement does not constitute a statement of material fact.

16. Lexington does not dispute this fact.

17. Lexington does not dispute this fact, but states that Chase was struck by a UPS tow car, not the tug car.

18. Lexington does not dispute this fact, but states that the letter speaks for itself.

19. Lexington does not dispute this fact, but states that the letter speaks for itself.

20. Lexington does not dispute this fact, but states that the complaint in the underlying Chase action speaks for itself.

21. Lexington does not dispute this fact, but states that UPS' answer to the complaint in the underlying Chase action speaks for itself.

22. Lexington does not dispute this fact.

23. Lexington disputes UPS' recitation of Chase's deposition testimony, which speaks for itself.

24. Lexington does not dispute this fact, but states that the letter speaks for itself.

25. Lexington does not dispute this fact.

**DEFENDANT'S STATEMENT OF ADDITIONAL MATERIAL FACTS**

26. In discovery in this matter, UPS produced a copy of Liberty Mutual Insurance Company ("Liberty Mutual") Commercial General Liability Policy No. TB1-C21-004175-289 (the "Liberty Policy"), issued to UPS for the policy period from January 1, 2009 to January 1, 2010. (Declaration of J. Gregory Lahr ("Lahr Decl.") dated July 23, 2013, Exhibit B.)

27. Liberty Mutual is providing a defense for UPS under the Liberty Policy.

28. The Lexington Policy's additional insured endorsement provides as follows:

B. The coverage provided by this endorsement to the additional insured shall be excess over any other insurance available to the additional insured covering liability for damages arising out of the premises or operations for which such additional insured has been added pursuant to this endorsement. Notwithstanding the prior sentence of this paragraph B., the coverage provided to the additional insured under this endorsement shall be primary if the written contract or written agreement between you and the additional insured requires that this coverage be primary.

29. Chase testified that she was trained to stay on the yellow lines in the UPS building, and that the lines indicate where employees should walk and stop. (Lahr Decl., Exhibit C, at 36-37.)

30. On the night of the accident, Chase was walking on the yellow line inside the building when she saw a UPS driver coming with a tug car pulling several tow cars. (Lahr Decl., Exhibit C, at 43-44.)

31. While Chase waited on the yellow line, the UPS driver made a U-turn, and one of the tow cars struck Chase from behind her calf. (Lahr Decl., Exhibit C, at 44.)

32. Chase testified that she was facing the tow car, and did not get out of the way because she was not expecting the driver to make a U-turn, and she was standing on the yellow line. (Lahr Decl., Exhibit C, at 50-51.)

33. Martial Pamphile was employed by UPS as an unloader on the date of the accident. (Lahr Decl., Exhibit D, at 8.)

34. Pamphile testified that he saw Chase and stopped the tug car, and then Chase waved him on to keep going. (Lahr Decl., Exhibit D, at 13.)

35. Pamphile further testified that Chase was on the yellow line and he was making a U-turn when one of the tow cars fishtailed, striking Chase. (Lahr Decl., Exhibit D, at 13-14.)

Dated: New York, New York
July 23, 2013

Respectfully submitted,

SEDGWICK LLP

　　　/s/ J. Gregory Lahr　　　
J. Gregory Lahr (JL9969)
Ryan C. Chapoteau (RC1986)
*Attorneys for Defendant*
*Lexington Insurance Company*
225 Liberty Street, 28th Floor
New York, New York  10281-1008
Telephone:  212.422.0202
Facsimile:  212.422.0925

To: Stephen P. McLaughlin, Esq.
Stefanie A. Bashar, Esq.
Ansa Assuncao LLP
707 Westchester Ave, Suite 309
White Plains, New York 10604