UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED PARCEL SERVICE, INC.,

        Plaintiff,

- against -

LEXINGTON INSURANCE COMPANY,

        Defendant.

Case No.: 12-cv-07961 (SAS)

ECF Case

**DECLARATION OF
STEPHEN P. MCLAUGHLIN**

    STEPHEN P. MCLAUGHLIN, pursuant to 28 U.S.C. § 1746, hereby declares the following under penalty of perjury:

    1.    I am a member of the law firm Ansa Assuncao, LLP, attorneys for Plaintiff United Parcel Service, Inc. ("UPS") in the above-captioned matter and am fully familiar with the facts and circumstances herein.

    2.    I submit this declaration in support of UPS's motion to file under seal the Declaration of Steven P. Orlowski, dated November 7, 2013, and the exhibit annexed thereto (the "Declaration"), due to the attorney-client privilege, the work product doctrine and/or the common interest doctrine.

    3.    On October 16, 2013, the Court held that Defendant Lexington Insurance Company ("Lexington") must reimburse UPS for reasonable attorneys' fees and litigation expenses incurred in defending *Chase v. United Parcel Service, Inc.*, Index No. 7445/10 (Supreme Ct. Kings County) (the "Underlying Action"), plus interest at a rate of nine percent per year from the date of each legal bill. The Court directed UPS to file a request for fees and expenses.

    4.    In support of its fee application, UPS is submitting the Declaration by Steven P. Orlowski from Lester Schwab Katz & Dwyer, LLP, its attorneys in the Underlying Action. The

Declaration includes a description of the legal services performed. It also has attached as an exhibit the detailed, contemporaneous time records indicating the attorney who performed the work, the date, the hours expended and a description of the work performed. (Orlowski Declaration, Exhibit A.)

5. The Declaration reflects UPS's attorneys' thought processes and strategy in defending the Underlying Action. As a result, the Declaration is protected by the attorney-client privilege and/or the work product doctrine. *Fochetta v. Schlackman*, 257 A.D.2d 546, 546, 685 N.Y.S.2d 22, 22 (1st Dep't 1999); *Teich v. Teich*, 245 A.D.2d 41, 41, 665 N.Y.S.2d 859 (1st Dep't 1997).

6. UPS expressly reserves its rights under the attorney-client privilege and work product doctrine. Disclosing the Declaration to Lexington is not a waiver of these protections because of the common interest doctrine. UPS and Lexington have a common legal interest in the Underlying Action because the Court has ordered Lexington to defend UPS. *See, generally, North River Ins. Co. v. Columbia Cas. Co.*, No. 90 Civ, 2518, 1995 WL 5792 (S.D.N.Y. Jan. 5, 1995).

7. The Underlying Action is still pending. If the Declaration is made public, Marilyn Chase, plaintiff in the Underlying Action, and Adelis International Security, Inc., third-party defendant in the Underlying Action, would improperly learn UPS's strategy in the Underlying Action.

8. Accordingly, the Declaration should be filed under seal. *Avocent Redmond Corp. v. Raritan Americas, Inc.*, No. 10 Civ. 6100, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012).

WHEREFORE, it is respectfully requested that this Court grant UPS's motion in its entirety along with such other, further and different relief as is deemed just and proper.

Dated: White Plains, New York
November 7, 2013

s/Stephen P. McLaughlin<br>STEPHEN P. MCLAUGHLIN