UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED PARCEL SERVICE, INC., | Case No.: 12-cv-07961 (SAS) |
| Plaintiff, | ECF Case |
| - against - | |
| LEXINGTON INSURANCE COMPANY, | |
| Defendant. | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFF UNITED PARCEL SERVICE, INC.'S
MOTION FOR ATTORNEYS' FEES**

ANSA ASSUNCAO, LLP
707 Westchester Avenue, Suite 309
White Plains, New York 10604
(914) 298-2260

*Attorneys for Plaintiff*

Plaintiff United Parcel Service, Inc. ("UPS"), by its attorneys, Ansa Assuncao, LLP, submits this memorandum of law in further support of its motion for attorneys' fees incurred in bringing its motion for attorneys' fees and litigation expenses incurred in defending *Chase v. United Parcel Service, Inc.*, Index No. 7445/10 (Supreme Ct. Kings County) (the "Underlying Action") (Docket Entry #36; the "Fee Motion).

## PRELIMINARY STATEMENT

This Court held that the fees that UPS incurred in bringing the Fee Motion (the "Fees") are compensable. It invited UPS to submit a request for the Fees. The Fees total $15,991.50. The only issue to be determined on this motion is the reasonableness of the Fees.

Defendant Lexington Insurance Company's ("Lexington") opposition to the motion is meritless. First, this Court previously rejected Lexington's argument that UPS is not entitled to fees for the Fee Motion. Lexington cannot relitigate this issue in its opposition papers.

Second, Lexington's litigious conduct caused the Fees to be incurred. The Fees would have been avoided if Lexington had honored its contractual obligations or abided by this Court's decision awarding reasonable fees and expenses to UPS.

Third, the time spent on the Fee Motion is justified. Lexington's lengthy opposition to the Fee Motion required an extensive reply brief to refute it. This Court rejected all of Lexington's arguments regarding the damages period and the policy and granted UPS's motion.

Finally, Lexington's argument that the Fees are excessive in view of what UPS sought is misplaced. The Fees cannot be properly compared to Underlying Action's fees. The Underlying Action is a separate action that is still being litigated. The Underlying Action also did not involve the contentious motion practice that occurred here. UPS should not be penalized for pursuing its contractual rights simply due to the amount that is at stake.

## LEGAL ARGUMENT

## I.

## THIS COURT PREVIOUSLY DETERMINED
## THE PROPRIETY OF UPS'S REQUEST FOR THE FEES.

Lexington argues that UPS is not entitled to the Fees. Lexington is improperly trying to relitigate an issue that was previously decided by this Court. The only issue before this Court is the reasonableness of the Fees.

In the Fee Motion, UPS requested its fees for preparing the motion. (Docket Entry #36.) Lexington opposed this request on the ground that the fees were not related to the defense of the Underlying Action. (Docket Entry #41, at pp. 11-12.)

In its Opinion and Order dated January 15, 2014, this Court rejected Lexington's argument. (Docket Entry #43, at p. 9.) This Court held that it is "well settled that the time spent on an attorney's fee application is compensable." (*Id*.) This Court invited UPS to submit a request for fees incurred in bringing the Fee Motion. (*Id*., at p. 11.)

This Court's ruling constitutes law of the case. *DiLaura v. Power of Authority of State of N.Y.*, 982 F.2d 73, 76 (1992). Its determination is binding precedent to be followed in subsequent stages of this action. *Id*.; *Ritani, LLC v. Aghjayan*, --- F.Supp.2d ---, 2013 WL 4856160, at *26 (S.D.N.Y. 2013).

Lexington ignores this doctrine. Lexington improperly tries to relitigate an issue that is not before this Court. If Lexington is dissatisfied with this Court's ruling, the proper remedy is to move to reargue or appeal the Order. Lexington cannot attack this Court's ruling in its opposition papers.

## II.

## THE FEES ARE REASONABLE.

Lexington does not dispute the reasonableness of the hourly rates.  Instead, it argues that the total amount is excessive in view of what UPS sought to recover.  This argument should be rejected for several reasons.

First, Lexington's litigious conduct resulted in the Fees.  The Fees would have been avoided if Lexington had honored its contractual obligations or abided by this Court's decision that UPS must be reimbursed for reasonable fees and expenses incurred in defending the Underlying Action.  Instead, Lexington continued its pattern of asserting meritless arguments to avoid its obligations under the policy.  This pattern includes: (1) improperly denying UPS's tender; (2) arguing that this action was subject to the policy's arbitration clause despite plain contractual language to the contrary; (3) opposing summary judgment on grounds that contradicted well-established insurance law; (4) opposing the Fee Motion on grounds that contradicted the policy's provisions and insurance law; and (5) arguing that the Fees are excessive, notwithstanding that they are well below the typical cost of similar motions in this Court.

Second, the amount of time spent on the Fee Motion is justified.  In support of the Fee Motion, UPS submitted a five page declaration from its counsel in the Underlying Action, which thoroughly detailed the services provided and expenses incurred.  UPS also submitted a 10 page memorandum of law, which explained the reasonableness of the fees and addressed Lexington's claims about when its duty to defend was triggered and the damages period began.  (Docket Entry #37.)

Lexington's opposition to the Fee Motion included a lengthy memorandum of law. Lexington cited dozens of cases for five points of law over 13 pages.  (Docket Entry #41.)  Its

opposition demonstrates its belief that it was worthwhile to oppose the Fee Motion. Yet, it criticizes UPS for incurring the cost to reply to its arguments.

UPS was required to analyze each of Lexington's points of law and cited cases. Many of the cases did not support the proposition for which they were cited. UPS's reply memorandum of law thoroughly addressed each point of law and cited numerous cases to refute them. (Docket Entry #42.)

The time on UPS's papers was well spent. This Court rejected all of Lexington's arguments regarding the damages period and the policy and granted UPS's motion. (Docket Entry #43, at pp. 6-9.)

Third, Lexington's argument that the Fees are excessive in view of what UPS sought is misplaced. The cases cited by Lexington compare the time spent on the fee application against the total time claimed in the same action. *Davis v. City of New Rochelle, N.Y.*, 156 F.R.D. 549, 561 (S.D.N.Y. 1994); *Soler v. G & U, Inc.*, 801 F.Supp. 1056, 1065 (S.D.N.Y. 1992). A different action is involved here. Even if the Underlying Action's fees could be considered, only the fees through October 24, 2013 were included in the Fee Motion. The Underlying Action is still ongoing. As a result, the total time to be spent on the Underlying Action is unknown.

The Underlying Action's fees are not a proper comparison.[1] Those fees involved preliminary work on a personal injury action (*e.g.*, pleadings, discovery and depositions). The Underlying Action also did not involve the contentious motion practice that occurred here. This action has required considerable legal research and argument due to Lexington's litigious conduct.

---

[1] Respectfully, a more apt comparison would be the fees that Lexington incurred to prepare its opposition papers to the Fee Motion. Even then, it takes more time to analyze and refute opposition arguments than to assert them.

Fourth, Lexington's argument would have the effect of penalizing UPS for pursuing its contractual rights simply due to the amount that is at stake. There are also principles at stake. UPS deals with Lexington on other policies. This action will have a precedential effect on their future dealings.

Finally, UPS tried to avoid the cost of the Fee Motion by providing summary statements to Lexington's counsel. (Docket Entry #48, at, at ¶ 6.) Counsel responded that he wanted the narrative statements so that he could negotiate the amount due. (*Id.*) There was no requirement that UPS engage in any negotiations. There was also no reason to negotiate because UPS was entitled to the amount due. Lexington's position forced UPS to make the Fee Motion so that it could recover the full amount to which it was entitled.

<u>**CONCLUSION**</u>

For the foregoing reasons and those set forth in its moving papers, UPS respectfully requests that the Court issue an Order granting its motion in its entirety.

Dated: White Plains, New York
          February 7, 2014

                                        ANSA ASSUNCAO, LLP
                                        *Attorneys for Plaintiff*


                                        By: s/ Stefanie A. Bashar
                                             Stephen P. McLaughlin (SM- 4136)
                                             Stefanie A. Bashar (SB-2615)
                                        707 Westchester Avenue, Suite 309
                                        White Plains, New York 10604
                                        (914) 298-2260
                                        stephen.mclaughlin@ansalaw.com

5