UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED PARCEL SERVICE, INC.,

        Plaintiff,

- against -

LEXINGTON INSURANCE COMPANY,

        Defendant.
------------------------------------------------------X

**MEMORANDUM OPINION AND ORDER**

12 Civ. 7961 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

United Parcel Service, Inc. ("UPS") brought this action seeking a declaration that Lexington Insurance Company ("Lexington") is obligated to defend and indemnify UPS for any costs incurred by UPS in defending a personal injury action.[1] In an Opinion and Order dated October 16, 2013, I granted UPS's motion for partial summary judgment and held that (1) Lexington owed UPS a duty to defend the Underlying Action; and (2) Lexington must reimburse UPS for reasonable attorneys' fees and litigation expenses incurred in defending the Underlying Action, plus interest at a rate of nine percent per year.[2] After UPS filed its request for fees and costs, the Court awarded UPS a total of $34,772.73 in an

---

[1] *See Chase v. United Parcel Serv., Inc.*, Index No. 7445/10 (Supreme Ct. Kings Co. filed Mar. 24, 2010).

[2] *See United Parcel Serv. v. Lexington Ins. Group*, No. 12 Civ. 7961, 2013 WL 5664989 (S.D.N.Y. Oct. 16, 2013).

Opinion and Order dated January 15, 2014. The Court also invited UPS to submit a request for the fees it incurred in making the fee application. On February 3, 2014, UPS submitted a request for attorneys' fees in the amount of $15,991.50. Lexington argues that there is no legal basis for UPS's instant fee application, and that even if UPS is permitted to recover its fees, the amount is excessive. For the following reasons, UPS's request is denied.

"'[A]n insured cannot recover his legal expenses in a controversy with a carrier over coverage, even though the carrier loses the controversy and is held responsible for the risk.'"[3] This rule arises from the longstanding principle in New York that "attorneys' fees are the ordinary incidents of litigation and may not be awarded to the prevailing party unless authorized by agreement between the parties, statute, or court rule."[4] When the obligation to indemnify an insured arises from a contract courts "'should not infer a party's intention' to provide counsel fees as damages for a breach of contract 'unless the intention to do so is

---

[3] *Oriska Ins. Co. v. American Textile Maint.*, 322 Fed. App'x 36, 37 (2d Cir. 2009) (quoting *Employers Mut. Cas. Co. v. Key Pharms.*, 75 F.3d 815, 824 (2d Cir. 1996)).

[4] *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 199 (2d Cir. 2003).

unmistakably clear' from the language of the contract."[5] Thus, because the Lexington Policy does not provide a basis for UPS to seek attorneys' fees for prevailing and there is no fee-shifting provision or court rule, the Court erred in its January 15, 2014 Order and Opinion holding that the time spent on the attorneys' fee application is compensable. Accordingly, UPS's instant request for those fees is denied.

For the foregoing reasons, UPS's request for attorneys' fees for its fee application is denied. The Clerk of the Court is directed to close UPS's motion for attorneys' fees (Docket Entry #47).

SO ORDERED:

*[signature]*

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
February 21, 2014

---

[5] *Bank of New York Trust Co., N.A. v. Franklin Advisers, Inc.*, 726 F.3d 269, 283 (2d Cir. 2013) (quoting *Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487 (1989)).

-3-

## - Appearances -

**For Plaintiff:**

Stefanie Ann Bashar, Esq.
Stephen P. McLaughlin, Esq.
Ansa Assuncao, LLP
707 Westchester Avenue, Suite 309
White Plains, NY 10604
(914) 298-2271

**For Defendant:**

J. Gregory Lahr, Esq.
Sedgwick, LLP
225 Liberty Street, 28th Floor
New York, NY 10281
(212) 898-4014

Ryan Christopher Chapoteau, Esq.
Sedgwick, LLP
125 Broad Street
New York, NY 10004
(212) 898-402